**Lauralee FITZGERALD,
Plaintiff–Appellant,**

v.

**PHARMACIA CORPORATION, f/k/a
Monsanto Company and Solutia,
Inc., Defendants–Appellees.**

**Docket No. 02–7678.**

United States Court of Appeals,
Second Circuit.

Jan. 23, 2003.

Joseph A. Barbaccia, Freeport, NY, for Appellant.

Maureen Bezuhly, Fischbein, Badillo, Wagner, Harding, New York, NY., for Appellees.

Present: VAN GRAAFEILAND, KEARSE, and B.D. PARKER, Jr., Circuit Judges.

**SUMMARY ORDER**

Appeal from the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-

JUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Plaintiff-appellant Lauralee Fitzgerald appeals from a final judgment of the United States District Court for the Southern District of New York (Buchwald, J.), dismissing Fitzgerald's amended complaint pursuant to Federal Rule of Civil Procedure 56, on the ground that her claims are time-barred by California and federal statutes of limitations made applicable by New York's borrowing statute, N.Y. C.P.L.R. § 202 (McKinney 2001).

In 1995, Fitzgerald inherited a share certificate, which originally had been issued in 1930 for fifty shares of common stock of E.L. Smith Oil Company ("Smith Oil"). In 1938, Smith Oil merged into Lion Oil Refining Company ("Lion Oil"), with Smith Oil shares exchanging for Lion Oil shares on a ten for one basis. In 1955, Lion Oil merged with Monsanto Company, with Lion Oil shares exchanging for one and one-half shares of Monsanto. Monsanto subsequently changed its name to Pharmacia and has transferred parts of its operation to Solutia. After inheriting the certificate, Fitzgerald's representative contacted Monsanto to ascertain its value. On October 28, 1996, Monsanto sent Fitzgerald a letter stating that it had determined that since 1965 it had no further obligation to Smith Oil shareholders who had not exchanged their shares.

Despite her awareness in 1996 of Monsanto's refusal to recognize her purported rights as a shareholder, Fitzgerald did not file suit until July 2001, seeking damages for Monsanto's failure to issue stock in exchange for the certificate she possessed. Monsanto moved for summary judgment, contending that Fitzgerald's claims were barred by the applicable statutes of limitations.

The District Court carefully analyzed Fitzgerald's claims and correctly concluded that they (1) were subject to, at most, a four-year statute of limitations; (2) accrued, at the latest, in 1996; and (3) were consequently time-barred. Having considered all of Fitzgerald's arguments, we affirm the judgment of the District Court, substantially for the reasons stated by that court.

The judgment of the district court is AFFIRMED.